IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE ROBERTS,

                                                             ORDER

                Petititoner,

                                                              16-cv-541-bbc

     v.

TOM WATSON,

                Respondent.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Terrance Roberts is a federal prisoner who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge convictions from the year 2000 for money laundering and conspiracy to commit money laundering in connection with a prostitution ring, in violation of 18 U.S.C. § 1956. Petitioner's claim is that his convictions are invalid under United States v. Santos, 553 U.S. 507 (2008), because both his indictment and the instructions the jury received are inconsistent with the Supreme Court's interpretation in that case of § 1956, a statute that applies to "proceeds" of an unlawful activity. In particular, petitioner says that the Court defined "proceeds" to mean "profits,"

---

[1] At the time petitioner filed this case, he was incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, making venue appropriate in this district, even though petitioner was sentenced in Minnesota. Light v. Caraway, 761 F.3d 809, 812 (7th Cir. 2014). Petitioner now says that he has been transferred to the Federal Correctional Institution in Sandstone, Minnesota, so I have amended the caption in accordance with Fed. R. Civ. P. 25 to name the warden of the facility where petitioner is housed now.

1

but he was charged and convicted under a theory that "proceeds" means "receipts." In other words, he was charged and convicted under a theory that "proceeds" means gross income rather than net income. The court has screened the petition and directed the government to respond. Dkt. #4.

The government seeks dismissal of the petition on both procedural and substantive grounds. First, the government says that petitioner cannot obtain relief under § 2241 because he should have raised this claim on direct appeal of his conviction or in a motion brought under 28 U.S.C. § 2255. Second, the government says that neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held that Santos applies retroactively. Third, the government says that "Santos is not applicable to the concealment aspect of money laundering," so it does not affect petitioner's conspiracy conviction. Dkt. #11 at 10. Fourth, the government says that "all of the money [petitioner received] was in fact net profits," so the convictions are consistent with Santos.

Although the government mentions in passing that petitioner "fails to explain why he waited until August 1, 2016, approximately eight years after Santos was decided, to raise this claim," dkt. #11, at 6-7, the government does not argue that the petition should be dismissed as untimely. Morales v. Bezy, 499 F.3d 668, 672 (7th Cir. 2007)("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition.").

Having reviewed the government's response, I am staying a decision on the petition and directing the government to file an amended response developing its arguments more clearly.

2

The government's first argument relates to the rule that a federal prisoner may not file a habeas petition under § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To satisfy § 2255(e), a prisoner must show several things: (1) he is seeking correction of a fundamental defect in his conviction or sentence (such as a claim for actual innocence); (2) his petition is based on a rule of statutory law not yet established at the time he filed his first § 2255 motion; (3) he is barred from bringing a successive § 2255 motion; and (4) he either raised the issue on direct appeal or in a § 2255 motion or the issue was foreclosed by controlling precedent at the time. Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); Hill v. Werlinger, 695 F.3d 644, 648 (7th Cir. 2012); Morales, 499 F.3d at 672; United States v. Prevatte, 300 F.3d 792, 799-800 (7th Cir. 2002); In re Davenport, 147 F.3d 605, 610-11 (7th Cir. 1998). See also Webster v. Caraway, 761 F.3d 764, 767 (7th Cir. 2014) ("When a change of law, retroactively applicable, shows that the prisoner did not commit a crime or has received an illegally high sentence, § 2241 is available if it otherwise would be impossible to implement the Supreme Court's intervening decision.").

The government does not argue that petitioner has failed to meet any of the first three requirements. Instead, the government states with little explanation that petitioner's claim was "not foreclosed to him on his direct appeal or § 2255 petition." Dkt. #11 at 8. It is undisputed that petitioner has not raised this issue before, but that is not the end of the matter. The government simply ignores United States v. Simmons, 154 F.3d 765, 770 (8th Cir. 1998), a case cited in petitioner's opening brief and the court's screening order. (Eighth

3

Circuit law is relevant because that is where petitioner was convicted and sentenced.)

In Simmons, 154 F.3d at 770, the court considered whether the word "proceeds" means "gross revenues" or "net profits" and it concluded that "the better view is the one that defines proceeds as the gross receipts of the illegal activity." Although Simmons involved an interpretation of 18 U.S.C. § 1963 (the Racketeer Influenced and Corruption Organizations Act) rather than 18 U.S.C. § 1956, the Court of Appeals for the Eighth Circuit has stated that Simmons stands for the more general proposition that "'proceeds' includes anything that is the gross receipt of illegal activity." United States v. Williams, 605 F.3d 556, 567 (8th Cir. 2010). See also Prost v. Anderson, 636 F.3d 578, 595 (10th Cir. 2011) ("[T]he Eighth Circuit appears to agree with [petitioner] that its RICO precedent did preclude the reading of the money laundering statute later adopted in Santos."). The government should have addressed the question whether Simmons barred petitioner's claim.

Instead of discussing Simmons, the government relied on Blumeyer v. Walton, No. 11-CV-1137-DRH-DGW, 2013 WL 4510160, at *7 (S.D. Ill. Aug. 26, 2013), in which the court concluded that Simmons had not foreclosed a claim similar to petitioner's. However, as petitioner points out, the reasoning of the court in Blumeyer was that the Court of Appeals for the Eighth Circuit decided Simmons well after the direct appeal of the petitioner in Blumeyer. Because Roberts was convicted in 2000, two years after Simmons, Blumeyer is not instructive.

In a footnote, the government observes that neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has concluded that Santos applies retroactively. However,

4

in the absence of controlling precedent, a district court may determine on its own whether a decision should have retroactive effect. Krieger v. United States, 842 F.3d 490, 499 (7th Cir. 2016). If the government believes that Santos should not apply retroactively, the government should explain in its amended response why it disagrees with the courts that have reached the opposite conclusion. Wooten v. Cauley, 677 F.3d 303, 308–09 (6th Cir. 2012) ("Because the new definition of a key phrase in the money laundering statute is a substantive change of law and increases the government's burden of proof, we agree with the Fourth, Fifth, and Eleventh Circuits in holding that Santos is retroactive.").

The government's next argument consists of one paragraph that is not easy to follow:

> The evidence presented at trial supports the fact that an extensive conspiracy existed, to both transport and prostitute women and young girls, and to launder money. The conspiracy to launder money had dual purposes, facilitation and proceeds. The evidence presented at trial clearly supports the concealment object of the money laundering conspiracy charged in Count Forty-four. Therefore, as Santos is not applicable to the concealment aspect of money laundering, Petitioner's claim as to Count Forty-Four should fail.

Dkt. #11 at 10.

The government provides no further explanation of this argument, but it seems to be arguing that petitioner's conspiracy conviction relied on evidence that petitioner concealed the proceeds of his unlawful activity and that Santos does not apply in that context. The problem is that the government neither includes any citations to the record showing that the conspiracy conviction relied on a concealment theory nor provides any authority or argument for the view that Santos would not apply in that context. United States v. Hosseini, 679 F.3d 544, 548 (7th Cir. 2012) ("In a traditional money-laundering

5

case—where the indictment alleges that the defendant engaged in specified financial transactions for the purpose of concealing the proceeds of criminal activity or avoiding a state or federal reporting requirement (as opposed to promoting the underlying crime)—must the government prove that the laundered 'proceeds' are the net profits or simply the gross receipts of the underlying crime? That question remains unresolved in this circuit."). If the government intends to maintain this argument, it will need to develop the argument more in its amended response.

Finally, the government says that the proceeds petitioner received qualify as net profits because he "had no legitimate business operating expenses." Dkt. #11 at 11. It does not respond directly to petitioner's argument that both the indictment and the jury instructions defined "proceeds" in a manner that was inconsistent with Santos. In fact, the government did not provide either the indictment or the jury instructions with its response, although petitioner challenged both of them in his petition. Thus, presumably, the government agrees with petitioner that both are erroneous and it means to argue that the errors are harmless. However, the government neither cited the harmless error doctrine nor developed an argument under it. In particular, the government failed to explain why it believes that the evidence presented at trial would have required the jury to find that the proceeds petitioner received qualify as profits. Sorich v. United States, 709 F.3d 670, 673 (7th Cir. 2013) ("[C]onstitutional error occurs when a jury is instructed on alternative theories of guilt and returns a general verdict that may have relied on a legally invalid one."); United States v. Irorere, 228 F.3d 816, 830-31 (7th Cir. 2000) (errors in indictment are

6

harmless if they are "mere technical deficiencies" and indictment otherwise "adequately inform[ed] [the defendant] of the charges against him [and did not] prejudice his defense"). Compounding this problem, the government failed to include any record cites to support its allegations that the proceeds petitioner received were profits and that petitioner had no business expenses.

In light of these deficiencies, I am directing the government to submit a new response that attempts to correct the problems identified in this order.

In closing, I make three observations. First, much of the government's response was devoted to discussing facts related to convictions that have no apparent relevance to petitioner's claim. It would be helpful if, in its amended response, the government either omitted its discussion of other convictions or explained the bearing they have on the matter before the court. Second, I note that Congress amended the money laundering statute in 2009, using the broader "gross receipts" definition of "proceeds." 18 U.S.C. § 1956(c)(9); United States v. Hosseini, 679 F.3d 544, 548 (7th Cir. 2012). If either side believes that the amendment has any bearing on petitioner's claim, that side should raise that argument in their new filings. Third, as noted in the footnote below the caption, petitioner has been transferred to Minnesota. If either side believes that petitioner's transfer renders venue inappropriate in this district, that side should say so and cite relevant authority.

ORDER

IT IS ORDERED that a decision on petitioner Terrance Roberts's petition for a writ

of habeas corpus is STAYED. Respondent Louis Williams II may have until May 16, 2017, to file an amended response that addresses the issues discussed in this order. Petitioner may have until May 30, 2017, to file a reply.

Entered this 25th day of April, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge