IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRANCE ROBERTS,

                OPINION AND ORDER

        Petititoner,

                16-cv-541-bbc

  v.

TOM WATSON,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Terrance Roberts is a federal prisoner who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his convictions for money laundering and conspiracy to commit money laundering in connection with a prostitution ring, in violation of 18 U.S.C. § 1956. Petitioner contends that the convictions handed down in 2000 are invalid under <u>United States v. Santos</u>, 553 U.S. 507 (2008), because both his indictment and the instructions the jury received are inconsistent with the Supreme Court's interpretation in <u>Santos</u> of § 1956, a statute that prohibits certain financial activities involving the "proceeds" of an unlawful activity. In particular, petitioner says that the Supreme Court defined "proceeds" to mean "profits," but he was charged and convicted under a theory that "proceeds" means "receipts." In other words, he was charged and convicted under a theory that "proceeds" means gross income rather than net income.

      The government challenges the petition on harmless error grounds, arguing that

1

petitioner was convicted of both "promotional" and "concealment" money laundering, that petitioner received concurrent sentences for those convictions and that <u>Santos</u> does not undermine his conviction for concealment money laundering. Therefore, according to the government, even if petitioner's conviction for promotional and concealment money laundering is invalid, it would not affect his concurrent sentence.

In an order entered on July 11, 2017, I found that the government's argument rested on its unsupported assumption that <u>Santos</u> applies only to promotional and not concealment money laundering and asked for supplemental briefing on the following issues: (1) whether <u>Santos</u> applies to petitioner's conviction for concealment money laundering; (2) whether this court is required to apply a deferential standard of review to decision by the original court; and (3) whether the law of the Seventh Circuit, where the habeas petition was filed, and not the law in the Eighth Circuit, where petitioner was convicted, is controlling in this case. Dkt. #20. Both parties submitted supplemental briefs, and the petition is now before the court for review on its merits.

Having reviewed the submissions of the parties, I conclude that <u>Santos</u> does not apply to petitioner's convictions for money laundering. Accordingly, his petition for a writ of habeas corpus will be denied. However, I will issue petitioner a certificate of appealability so that he may challenge the decision in the court of appeals if he chooses to.

OPINION

A. <u>Deference to Original Court Decision</u>

In its previous brief, the government argued that "[a] petitioner seeking savings-clause relief under § 2241 has an even higher burden than a defendant trying to demonstrate plain or obvious error on direct review." Dkt. #18 at 7. In the July 2017 order, I questioned how any deference could be granted in light of the fact that one of the prerequisites of a § 2241 petition is that the petitioner is relying on new law that the original court could not have considered. Dkt. #20 at 12. However, I gave the government an opportunity to develop an argument and cite relevant legal authority in support of its apparent assertion that a court reviewing a § 2241 petition must grant deference to the original court's decision in the same way that the court of appeals must grant deference to a district court's decision in the context of plain error review. Because the government declined to address the issue in its second supplemental response, I will assume this argument has been abandoned and will not consider it further.

B. <u>Controlling Law</u>

Initially, both the government and I had assumed that Seventh Circuit law is controlling because petitioner filed his petition in this circuit, but I questioned that assumption in the July order, noting that the district court in <u>Salazar v. Sherrod</u>, No. 09-cv-619-DRH-DGW, 2012 WL 3779075, at *4 (S.D. Ill. Aug. 31, 2012), found that the Court of Appeals for the Seventh Circuit has not decided "which circuit's law applies to a

3

2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit." Following several other district courts, that court concluded that it "should apply the law of the circuit of conviction in reviewing a sentence or conviction under section 2241," in part to avoid inconsistent results with motions under § 2255, which apply the law of the circuit where the petitioner was convicted. Id. I noted that I was not aware of any cases in which a court rejected the reasoning in Salazar.

In its supplemental brief, the government confirms that the issue remains unsettled among federal district courts and that no court of appeals has addressed the matter. Although the government would prefer that I apply Seventh Circuit law, it presents very little argument on the issue and states that the choice of law issue does not affect the outcome of this case because petitioner is not entitled to relief under either Seventh or Eighth Circuit law. For his part, petitioner cites Eighth Circuit law in support of his arguments in both of his reply briefs. Dkt. ##19, 22. Because I find the reasoning in Salazar persuasive, I will apply the law of the Eighth Circuit, the circuit in which petitioner was convicted.

## C. Applicability of Santos

On July 6, 2000, the United States District Court for the Eastern District of Missouri entered a judgment of conviction against petitioner for several prostitution-related offenses, including the interstate transportation of individuals (including minors) with the intent that

4

they engage in prostitution, money laundering and conspiracy to commit those crimes. Dkt. #11-2. The federal money laundering statute, 18 U.S.C. § 1956(a), provides in relevant part that it is a crime to conduct or attempt to conduct a financial transaction involving "the proceeds" of an unlawful activity "with the intent to promote the carrying on of specified unlawful activity" or "knowing that the transaction is designed in whole or in part . . . to conceal or disguise the . . . the proceeds" of the unlawful activity. The verdict form in petitioner's case shows that the jury found that petitioner committed both promotional and concealment money laundering, dkt. #18-4, and the transcript from the sentencing hearing shows that the court gave petitioner concurrent sentences (192 months) for those convictions, dkt. #11-3 at 25.

Petitioner contends that his convictions are invalid under Santos, 553 U.S. at 514, in which the Supreme Court determined that the term "proceeds" in the money laundering statute means profits from illegal activity and not gross receipts. In Santos, the defendant had been convicted of promotional money laundering for using proceeds (or the gross receipts) from an illegal gambling operation to pay lottery winners and employees. Id. at 509-10. The government argues that even if Santos applies to petitioner's conviction for promotional money laundering, it does not apply to his conviction for concealment money laundering, and therefore, does not require invalidation of the concurrent sentence he received. United States v. Edwards, 568 F.2d 68, 72 (8th Cir. 1977) ("The concurrent sentence doctrine permits a reviewing court to pass upon the validity of less than all counts upon review of convictions on plural counts of an indictment, if a ruling in appellant's favor

5

would not reduce the penalty imposed with respect to the valid conviction.").

As discussed in my previous order, federal courts agree that the scope of the holding in Santos is unclear. Four justices (Justices Scalia, Souter, Thomas and Ginsburg) found Congress's use of the terms "proceeds" ambiguous. Writing for the majority, Justice Scalia applied the rule of lenity, which dictates that ambiguous criminal laws are interpreted in favor of defendants. In a concurring opinion, Justice Stevens agreed that proceeds meant "profits" not "gross receipts" in the case before the Court, but he concluded that "proceeds" did not mean profits in every situation, noting that the meaning of the term could depend on the particular underlying predicate offense, any legislative history and whether a merger problem would arise under the particular meaning ascribed to the term (meaning that the conduct that led to a conviction for the predicate offense would also lead to a conviction for money laundering). With respect to merger, Justice Stevens explained that it would be unfair to "allow the Government to treat the mere payment of the expense of an offense as a separate offense. Such punishment would be in practical effect tantamount to double jeopardy, since the unlawful activity that produced the proceeds would merge with money laundering." Id. at 516, 527. Because Justice Stevens's vote was necessary to the judgment, the Court's holding is limited to the narrower grounds stated in his concurring opinion. Id. at 523 (explaining *stare decisis* effect of concurring opinion). The four dissenting justices (Chief Justice Roberts and Justices Alito, Kennedy and Breyer) believed that "proceeds" meant gross receipts and not net income. In sum, the applicability of Santos depends in large part on the particular circumstances in any given case.

The Court of Appeals for the Eighth Circuit addressed the scope of the Santos decision in United States v. Rubashkin, 655 F.3d 849 (8th Cir. 2011), and United States v. Spencer, 592 F.3d 866 (8th Cir. 2010).  In Spencer, which involved concealment money laundering in a drug trafficking case, the court of appeals agreed with the Third and Fourth Circuits that "Santos does not apply in the drug context" because "Justice Steven's concurrence provides the narrowest holding . . . [that] '[t]he revenue generated by a gambling business that is used to pay the essential expenses of operating that business is not "proceeds" within the meaning of the money laundering statute.'"  Spencer, 592 F.3d at 879 and n.4 (quoting Santos, 553 U.S. at 528).  See also United States v. Williams, 605 F.3d 556 (8th Cir. 2010) (also declining to apply Santos in case involving concealment of money laundering with predicate drug charge).  The court also found persuasive the fact that Justice Stevens stated that the dissenting opinion in Santos "rightly argues [that] the legislative history of [18 U.S.C.] § 1956 makes it clear that Congress intended the term 'proceeds' to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales."  Id. at 880 and n.4 (quoting Santos, 553 at 525-26).

In Rubashkin, 655 F.3d at 865, a case involving both wire and bank fraud as well as money laundering charges, the Court of Appeals for the Eighth Circuit clarified that Santos could apply outside the context of illegal gambling.  The court of appeals held that the proper standard was to follow "[t]he narrowest holding in Santos, [which] was Justice Steven's concurrence stating that 'proceeds' must mean 'profits' whenever a broader definition would 'perverse[ly]' result in a 'merger problem.'"  Applying this standard, the

court of appeals distinguished <u>Santos</u> on the ground that

> There is no merger problem here because making false statements to a bank is a distinct offense compared to money laundering. Unlike the illegal gambling operation in <u>Santos</u> . . . , the crime of making false statements to a bank is separate from Rubashkin's money laundering activity. The predicate offense was completed every time Rubashkin made a false statement and received a loan disbursement from the Bank.

<u>Id.</u> at 866.

Under either the reasoning in <u>Spencer</u> or that in <u>Rubashkin</u>, <u>Santos</u> would not apply in petitioner's case and therefore does not invalidate his conviction for either promotional or concealment money laundering. Petitioner's underlying crime of transporting individuals with the intent to have them engage in prostitution is quite different from the separate and distinct offense of money laundering. Although petitioner received all of the proceeds from the prostitution activities in which his victims engaged, dkt. #11 at 8 (recounting victim testimony), his illegal act of transporting individuals with the purpose of having them engage in prostitution did not require to the types of payments that gave rise to his money laundering charges, and was not limited to those payments. In sum, defining proceeds as gross receipts would not result in a merger problem in this case. Accordingly, under the law of the Eighth Circuit, the petition for a writ of habeas corpus must be denied.

### D. <u>Certificate of Appealability</u>

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of

8

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, I cannot say that petitioner has failed to make a substantial showing of a denial of a constitutional right, so the certificate will issue.

ORDER

IT IS ORDERED that petitioner Terrance Roberts's petition for habeas corpus relief is DENIED. A certificate of appealability shall issue.

Entered this 12th day of December, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge